EASTERN DIST.
*April*, 1837.

LOUISIANA
STATE BANK
*vs.*
SENECAL.

=====

## LOUISIANA STATE BANK *vs.* SENECAL.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

The endorser of an accommodation note is to be considered in the light of a surety, and when sued, may produce the original contract on which the note was given, to show that it was stipulated the note should not be negociated.

The defendant is sued as the endorser of a promissory note for four thousand dollars, executed by A. L. Boimare, the 15th April, 1832, payable two years after date; the answer avers that the note was given for the purchase of real estate,

EASTERN DIST.
*April*, 1837.

LOUISIANA
STATE BANK
*vs.*
SENECAL.

and a stipulation is contained in the act of sale against the negociability of the notes, until a certain general mortgage is raised.

The defendant offered in evidence the act of sale, which contains the following clause :

"She (vendor,) does hereby agree and covenant, to and with the present purchaser, (Boimare,) that the said second obligation of four thousand dollars shall not be negociated, nor the payment thereof *exacted*, until the property hereby sold, shall be fully released from all liability resulting or to result from the said general mortgage."

This act was annexed to the answer, which denied that the mortgage had been raised as stipulated ; the reading it in evidence was objected to by the plaintiff's counsel, and the objection sustained by the court. The opinion of the court was excepted to.

The plaintiff had judgment and the defendant appealed.

*Grima,* for the plaintiffs.

*Hennen, contra.*

*Carleton, J.,* delivered the opinion of the court.

This action is brought against the defendant as the endorser of a promissory note, executed by A. L. Boimare, on the 15th of April, 1832, made payable two years after date.

The defendant avers in his answer, that the note was given for part of the price of certain real estate, sold to Boimare ; that, in the act of sale, it was stipulated by the vendor, that the note should not be negotiated until the mortgage, mentioned in the act, as existing and affecting the property, was raised ; that the plaintiffs, nevertheless, became the assignees of the note before the mortgage was cancelled, with a knowledge of the stipulation in the act of sale ; that the mortgage still exists, and that the note was negotiated in violation of the agreement.

At the trial of the cause, defendant's counsel offered in evidence an authenticated copy of the act of sale, which the court would not suffer to be read to the jury; the counsel took his bill of exceptions, and the jury having found a verdict for the plaintiffs, the court rendered judgment accordingly. Defendant appealed.

EASTERN DIST.
*April*, 1837.

LOUISIANA
STATE BANK
*vs*
SENECAL.

We think the court erred. The defendant clearly had a right to show that the plaintiffs were acquainted with the nature of the contract entered into between the vendor and vendee, by the act of sale ; and this he could not do without first establishing the existence of the contract itself. He had endorsed the note for the maker's accommodation, and is therefore, to be considered in the light of a surety ; and, if he could show, that the plaintiffs, at the time they received the note, knew of the restraints imposed upon its assignment, he might avail himself of the same means of defence that appertained to the maker.

The endorser of an accommodation note is to be considered in the light of a surety, and when sued, may produce the original contract on which the note was given, to show that it was stipulated the note should not be negociated.

We agree with the counsel for the plaintiffs, that the nòtarial *paraph* affixed to the note, does in nowise restrain its negotiability, or oblige the endorsess to inquire into the cónditions under which the original parties had limited its circulation. But if the defendant could fasten a knowledge of these conditions upon the plaintiffs by other legal testimony, he certainly ought to be permitted to do so.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be annulled, avoided and reversed; the verdict set aside, and the case remanded for further proceeding, according to law, with instructions to the judge, to admit, in evidence, the notarial act offered by defendant ; the plaintiffs and appellees paying the costs of appeal.